UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-cv-22712-SEITZ/TURNOFF

EMMA LIMA,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## ORDER DENYING RECONSIDERATION

    This matter is before the Court on Plaintiff Emma Lima's motion for reconsideration [DE-61] of the Court's order [DE-60] granting summary judgment to Defendant University of Miami. Plaintiff acknowledges that reconsideration "is an extraordinary remedy to be employed sparingly" and granted only in very limited circumstances. *Bautista v. Cruise Ships Catering and Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004). The Court has reviewed Plaintiff's motion and will deny it because it does not satisfy the standard for reconsideration.

    Plaintiff's motion reargues three points, albeit sometimes citing new authority: (1) Kumar had apparent authority to waive or modify Lima's six-month degree-completion requirement, (2) UM's explanation that it terminated Lima for failing to complete her degree was a pretext because UM could have waived or extended that requirement, and (3) the temporal proximity between Lima's complaint and termination establishes a retaliatory motive. The record and law do not support Plaintiff's positions.

    First, apparent authority requires a representation *by the principal* to a third party that creates a reasonable belief that the agent has specific authority. Although the representation need not be in words, the principal must somehow "by its actions create[] a reasonable appearance of authority." *Borg-Warner Leasing, a Div. of Borg-Warner Acceptance Corp. v. Doyle Elec. Co.*, 733 F.2d 833, 836 (11th Cir. 1984) (citing *Stiles*

*v. Gordon Land Co.*, 44 So.2d 417, 421–22 (Fla. 1950)). The scope of the agent's apparent authority goes only as far as is fairly traceable to the principal's representation, and the acts of the agent, standing alone, cannot expand that authority. *Stalley v. Transitional Hospitals Corp. of Tampa*, 44 So. 3d 627, 630 (Fla. 2d DCA 2010).

Plaintiff's argument focuses overwhelmingly on the fact that Kumar was Lima's direct supervisor.[1] But "the fact that an organization has authorized an agent to do specific acts does not always make it reasonable for a third party to believe that the agent is authorized to do other acts as well." Restatement (Third) Of Agency § 3.03, cmt. c (2006). For example, if a patient authorizes his wife to sign "papers regarding his [hospital] admission," that does not provide her with apparent authority to sign an arbitration agreement on his behalf. *Stalley*, 44 So. 3d at 630. Similarly, someone at a store purporting to be a retail salesperson may have apparent authority to sell particular items but not "to agree to sell all of the store's inventory." Restatement (Third) Of Agency § 2.05, illustration 3 (2006).

Here, Kumar was a middle manager in the Finance Department. Lima's degree-completion requirement was stated in an offer letter from UM's human resources department, and it did not name Kumar or suggest that he had authority to alter the terms or conditions of her employment. [DE-43-5.] In these circumstances, the mere fact

---

[1] Plaintiff also appears to argue that UM allowed Lima to believe that Kumar had such authority because when she told Gomez in December about her conversation with Kumar, Gomez did not tell her that Kumar had no such authority. [DE-61 at 3.] However, a conversation in December could not have created apparent authority for Kumar to waive Lima's degree-completion requirement in August. Nor did Gomez thereby ratify any earlier statement by Kumar because ratification requires "some intelligent act or conduct of the principal, made with a full knowledge of the facts, which clearly shows an intention to be bound." *Stalley*, 44 So. 3d at 631 (citation omitted).

that Kumar was Lima's supervisor did not cloak him with unilateral authority to modify the degree-completion requirement specified in her offer letter, any more than he could unilaterally increase her salary. The record is thus devoid of evidence that UM represented that Kumar had such authority.

Additionally, Plaintiff's cases are inapposite because they each involved representations by principals bestowing agents with particular authority. *See Roessler v. Novak*, 858 So. 2d 1158, 1162 (Fla. 2d DCA 2003) (hospital emergency room admitted plaintiff and assigned the radiologist on duty to diagnose him); *Borg-Warner Leasing, a Div. of Borg-Warner Acceptance Corp. v. Doyle Elec. Co.*, 733 F.2d 833, 836 (11th Cir. 1984) (leasing company appointed lease broker "as the bearer of its letterhead documents and as the exclusive negotiator of its demands," thereby authorizing him to make representations about the documents); *City Nat. Bank of Detroit v. Basic Food Indus., Inc.*, 520 F.2d 336, 338 (5th Cir. 1975) (company held out Board Chairman "as possessing broad managerial authority and likewise knew of his negotiations" with the bank over an amendment to terms of a loan); *Becil v. Bank of Am., N.A.*, No. 10-20377-CIV-COOKE, 2010 WL 3943001, at *1 (S.D. Fla. Oct. 5, 2010) (bank held out employee as authorized to receive deposits); *Moro-Romero v. Prudential-Bache Sec., Inc.*, No. 89-1821-CIV-DAVIS, 1991 WL 494175, at *3 (S.D. Fla. Aug. 26, 1991) (same).

Turning to Plaintiff's second point, no "pretext-plus" standard was applied. Plaintiff ignores the Court's holding that Plaintiff presented no evidence *either* that UM's proffered reason was unworthy of credence *or* that UM was more likely motivated by a discriminatory reason. Plaintiff argues that UM could have waived the requirement that senior financial analysts have college degrees, but an employer's mere ability to waive a job requirement is not, by itself, evidence that the requirement is unworthy of credence. If UM had otherwise rarely enforced the requirement, that would have been evidence that the requirement was unworthy of credence, but every

other senior financial analyst had a college degree. If UM had waived the requirement for men but not for women, that would have been evidence that UM was more likely motivated by a discriminatory reason, but no such evidence was presented. Nor did Plaintiff present any other evidence of a discriminatory reason.

As to Plaintiff's third point, although temporal proximity can satisfy the causation element of a *prima facie* case for retaliation, it alone is not sufficient to rebut an employer's legitimate, non-discriminatory reason for its actions. *Padron v. BellSouth Telecommunications, Inc.*, 196 F. Supp. 2d 1250, 1257 (S.D. Fla. 2002) ("Standing alone against Defendant's strongly supported legitimate reason for terminating Padron, temporal proximity does not amount to more than a scintilla of evidence of retaliation."), *aff'd sub nom. Padron v. Bellsouth*, 62 F. App'x 317 (11th Cir. 2003).

Accordingly, it is hereby

ORDERED that

Plaintiff's motion for reconsideration [DE-61] is DENIED.

DONE AND ORDERED in Miami, Florida, this __11th__ day of August, 2015.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE